FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 17, 2026

SEAN F. MCAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

LISA M.,

Plaintiff,

v.

FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY,

Defendant.

NO. 1:25-CV-3195-TOR

ORDER OF REVERSAL AND REMAND

BEFORE THE COURT are Plaintiff's Motion for judicial review of Defendant's denial of her application for Title XVI disability benefits under the Social Security Act (ECF No. 13) and the Commissioner's Brief (ECF No. 15). These matters were submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, Plaintiff's Motion (ECF No. 13) is GRANTED, the Commissioner's Brief (ECF No. 15) is DENIED, and the Commissioner's denial of Plaintiff's application for benefits under Title XVI of the Social Security Act is

REVERSED and REMANDED for further proceedings.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(C)(3).

## STANDARD OF REVIEW

It is the administrative law judge's (ALJ) job to "determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)). The Court will affirm the Commissioner's decision to deny benefits unless it "is not supported by substantial evidence or is based on legal error." *Lambert*, 980 F.3d at 1277 (quoting *Treichler.*, 775 F.3d at 1098) (internal quotations omitted). On that note, it is important for the ALJ to provide sufficient reasons for the court to review the basis of an administrative order and to identify where in the record those reasons are reflected. *Id.*

The Court reviews the agency's findings to determine whether they are supported with substantial evidence. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); 42 U.S.C. § 405(g). In this context, the threshold is not high. *Biestek*, 587 U.S. at 103. Substantial evidence is present when there is "'more than a mere scintilla.'" *Biestek*, 587 U.S. at 103. In other words, "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." *Biestek*, 587 U.S. at 103 (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The Court will not reverse for errors that are harmless. *Molina v. Astrue*, 674 F.3d 1104, 1117 (9th Cir. 2012). An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina*, 674 F.3d at 1115 (quoting *Carmickle,* 533 F.3d at 1162). To effectuate this, the Court reviews the record as a whole to determine whether the error altered the result of the case. *Molina*, 674 F.3d at 1115.

**FIVE STEP SEQUENTIAL EVALUATION PROCESS**

The Commissioner uses a five-step sequential process to decide whether a claimant is considered disabled. 20 C.F.R. § 416.920(a)(1). The Commissioner considers all evidence in the record to make this determination. 20 C.F.R. § 416.920(a)(3). Disability is defined "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a). This requires a severe impairment that makes the claimant unable to complete the claimant's past relevant work or any other substantial gainful work. 20 C.F.R. § 416.905(a).

At each step, the Commissioner may find a claimant either not disabled or

disabled. 20 C.F.R. § 416.920(a)(4). If the claimant is found disabled, then the process stops, and the determination is made. 20 C.F.R. § 416.920(a)(4). However, step three to four, the Commissioner assesses residual function capacity ("RFC"). *Id.* Then steps four and five the Commissioner evaluates the claimant's claim. *Id.*

At step one, the Commissioner considers the claimant's work activity and if the Commissioner decides that the claimant is doing substantial gainful activity, then the Commissioner will find the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). Substantial gainful activity is both substantial and gainful work activity. 20 C.F.R. § 416.972. Substantial work activity means "doing significant physical or mental activities" and may be done on a part-time basis, with less pay, or less responsibility than before. 20 C.F.R. § 416.972(a). Gainful work activity is work done for pay or profit even if the profit is not realized. 20 C.F.R. § 416.972(b). Put together, "[s]ubstantial gainful activity means work that—(a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit." 20 C.F.R. § 416.910.

At step two, the Commissioner considers the claimant's medical severity of the claimant's impairment(s). 20 C.F.R. § 416.920(a)(4)(ii). If the claimant does not have either a physical or mental impairment that is severely medically determinable, or a combination of impairments satisfying the requirements the

Commissioner will deem the claimant as not disabled. 20 C.F.R. § 416.920(a)(4)(ii).

At step three, the Commissioner continues to consider the claimant's medical severity of claimant's impairment. 20 C.F.R. § 416.920(a)(4)(iii). If the claimant falls under one of the listings in appendix 1, fulfills this subpart, and the durational requirement, then the Commissioner will determine the claimant as disabled. 20 C.F.R. § 416.920(a)(4)(iii).

At step four, the Commissioner shifts to address the claimant's RFC and work experience to see whether the claimant can make an adjustment to other work. 20 C.F.R. § 416.920(a)(4)(iv). If the Commissioner decides that the claimant can still complete past relevant work, then the Commissioner rules the claimant as not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

At step five, the Commissioner continues to review the claimant's residual functional capacity with the claimant's age, education, and work experience to settle on any possible adjustments to other work. 20 C.F.R. § 416.920(a)(4)(v). If this is possible, then the Commissioner will rule that the claimant is not disabled. However, if the Commissioner establishes the opposite, then the claimant is deemed as disabled. 20 C.F.R. § 416.920(a)(4)(v).

Once a claimant proves that: "(1) that she is not presently engaged in a substantial gainful activity; (2) that her disability is severe, and (3) that her

impairment meets or equals one of the specific impairments described in the regulations", then the claimant must be found disabled. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002)). However, if the stated impairment does not meet the requirement listed in the regulations, the claimant may "still establish a prima facie case of disability by proving at step four that 'in addition to the first two requirements, ... she is not able to perform any work that she has done in the past.'" *Hoopai*, 499 F.3d at 1074 (quoting *Thomas,* 278 F.3d at 955). After the claimant establishes their prima facie case at step five, the burden shifts to the agency to prove that "the claimant can perform a significant number of other jobs in the national economy." *Hoopai*, 499 F.3d at 1074–75 (quoting *Thomas,* 278 F.3d at 955).

**ALJ FINDINGS**

Plaintiff initially filed her application for supplemental security income under Title XVI of the SSA on February 17, 2016. ECF No. 13 at 3; Tr. 20. After multiple unfavorable decisions and remands from the Appeals Council, on June 23, 2025, the ALJ provided a partially favorable ruling finding the Plaintiff disabled as of March 16, 2022. Tr. 14; 34. The Appeals Council denied review. Tr. 1.

First, the ALJ found that Plaintiff had not engaged in any substantial activity since February 17, 2016. Tr. 20. The ALJ determined that Plaintiff had severe impairments including borderline personality disorder, depression, obesity,

thoracic spine disorder, left shoulder osteoarthritis, and fibromyalgia. Tr. 20. However, the ALJ determined that Plaintiff's impairments or combination thereof did not meet the severity required under 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 21. The ALJ determined that Plaintiff's mental impairments or combination did not meet the criteria required under 12.04 and 12.08. Tr. 21.

Plaintiff had moderate limitations in understanding, remembering, or applying information; concentrating, persisting or maintaining pace; and adapting or managing oneself. Tr. 21-22. Plaintiff had a mild limitation in interacting with others. Tr. 21. As a result, Paragraph B and C criteria were not met. Tr. 21-22.

The ALJ determined that since April 1, 2009, Plaintiff's RFC included the ability to

> perform light work as defined in 20 CFR 416.967(b) except that she can frequently climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can never stoop, kneel, crouch, or crawl; can occasionally reach overhead on the left; can understand, remember and carry out simple, repetitive tasks; and can perform no production or assembly line type work.

Tr. 23.

Finally, on March 16, 2022, Plaintiff's age category changed from a younger individual to advanced age. Tr. 33. Prior to March 16, 2022, considering Plaintiff's age, education, work experience and RFC, the ALJ decided that jobs existed in significant numbers in the national economy that Plaintiff could perform.

Tr. 33. However, the ALJ found that beginning on March 16, 2022, there were no jobs in significant numbers in the national economy that Plaintiff could perform. Tr. 34. As a result, the ALJ found Plaintiff was disable from March 16, 2022, and continues to be disabled through the date of the ALJ's decision. Tr. 34.

## ISSUES

Plaintiff identifies two issues and requests reversal and remand for further proceedings. ECF No. 13 at 21-22.

I. Whether the ALJ failed to provide clear, convincing, and well-supported reasons for discounting Plaintiff's testimony of her physical ailments.

II. Whether the ALJ failed to properly evaluate the medical source opinion of John Ellision, M.D.

ECF No. 13 at 4.

## DISCUSSION

### I. The ALJ failed to provide clear, convincing and well-supported reasons for discounting Plaintiff's testimony of her physical ailments.

Plaintiff contends that the ALJ's rejection of Plaintiff's testimony based on inconsistency with the medical evidence and her daily activities was improper. ECF No. 13 at 4.

"'The credibility determination is exclusively the ALJ's to make,' and '[w]e are constrained to review the reasons the ALJ asserts.'" *Lambert v. Saul*, 980 F.3d

1266, 1278 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015)) (citation modified). When the ALJ determines the credibility of a claimant's subjective testimony, the ALJ uses a two-step process. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The first step requires the ALJ to "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue,* 504 F.3d 1028, 1035–36 (9th Cir. 2007)). The claimant only needs to "show that it could reasonably have caused some degree of the symptom." *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter,* 504 F.3d at 1035–36).

The second step states when the ALJ

> determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so.

*Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015)) (citations omitted). "The clear and convincing standard is the most demanding required in Social Security cases." *Ferguson v. O'Malley*, 95 F.4th 1194, 1199 (9th Cir. 2024) (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)).

Pursuant to this, the ALJ must "specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony." *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)) (citations omitted). Determining the credibility of a claimant's testimony about the severity of symptoms allows considerations including things such as:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). However, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

A. Clear and Convincing Reasons

First, Plaintiff argues that the ALJ provided a summary of the evidence rather than demonstrating inconsistencies in the record and Plaintiff's testimony failing to meet the clear and convincing standard. ECF No. 13 at 11. Plaintiff cites Tr. 23-28. *Id.* Plaintiff argues that her physical limitations limit her to, at least, sedentary work not full-time competitive work. ECF No. 13 at 10. On Plaintiff's

50th birthday she would have been considered disabled if she were limited to sedentary work. ECF No. 13 at 4.

The ALJ found that Plaintiff's testimony "about the intensity, persistence, and limiting effects of her symptoms" was inconsistent with the evidence. Tr. 24. Plaintiff was limited to light exertional work. Tr. 23. Light exertional work requires

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 416.967. However, Plaintiff argues she instead should be limited to sedentary work. ECF No. 13 at 4. Sedentary work requires "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 416.967. However, it is also noted that some walking and standing are typically required. § 416.967.

The ALJ described Plaintiff's alleged symptoms and capabilities stating, she "could not walk long distances, kneel, squat, or crawl, and could not do a desk job due to back and hip pain, and had to lie down periodically during the day

(B6A/13).” Tr. 23. Plaintiff claims she had a right foot fracture and she struggles to walk. ECF No. 13 at 5. As support, she cites to the record stating that she used a motorized scooter in the store, needed to take breaks, and shifted her legs while standing. *Id.* Moreover, Plaintiff cites numerous portions of the medical record evidencing rotator cuff tears, pain, issues with Plaintiff's back, shoulders, hips, knees, etc. ECF No. 13 at 7-10 (citing Tr. 1113-1114, 1104-1105, 1583, 1441). Plaintiff cites to MRI results demonstrating tears and shoulder issues. ECF No. 13 at 7 (citing Tr. 1561, 67).

In the record, there was evidence of limited range of motion, tenderness and pain. Tr. 1695. For example, in 2023 a provider noted a lack of ability to rise and squat, and extreme pain parts of her spine, limited range of motion and elevation. Tr. 1695. Plaintiff demonstrated a BMI of 47 with tenderness, muscle weakness and limited range of motion. Tr. 1871. In 2022, Plaintiff had pack pain, limited range of motion of the back, and cervical, thoracic and lumbar spine tenderness. Tr. 27, 1712-13. In June of 2023, x-rays marked mild degenerative change of the lumbosacral spine, moderate degenerative change of the thoracic spine but no instability with flexion or extension. Tr. 27, 1877-11

After review of the ALJ's decision, the ALJ failed to provide clear and convincing reasons supported by substantial evidence. For example, the ALJ states that her statements were inconsistent because she stated she could not “drive long

trips and could stand for only 5 minutes." Tr. 24. The ALJ noted that Plaintiff reported performing household activities that required lifting 40lbs at time, was able to travel in a car for 3.5 to 4 hours, did not use a cane or walker, and performed light exercises. Tr. 24, 1371, 1373, 1694, 1785. However, the only evidence of long trips was one reference to travel. Tr. 24, 1682. Moreover, the ALJ used Plaintiff's household chores and some normal or unremarkable exams as contradictory evidence of Plaintiff's testimony of her inability to stand for more than five minutes. Tr. 24, 1785, 1694. Additionally, the ALJ used this evidence to support her finding of light work requiring the ability to lift 40lbs and a "good deal of walking or standing." 20 C.F.R. § 416.967.

As discussed, Plaintiff cited many portions of the record recognizing Plaintiff's limitations. While the ALJ is not required to consider every possible alternative reason and explanation, the ALJ is required to consider the record as a whole. *Sorenson v. Weinberger*, 514 F.2d 1112, 1117 (9th Cir. 1975). Accordingly, this is not more than a mere scintilla of evidence to support the reasons provided by the ALJ's for light work determination and properly note Plaintiff's alleged inconsistencies.

B. Daily Activities

Next, Plaintiff argues that the ALJ's finding that Plaintiff's daily activities show inconsistencies with Plaintiff's claim that she could not drive long trips and

only stand for five minutes was improper. ECF No. 13 at 12. Plaintiff argues that these activities cannot undermine credibility because the ALJ must show that these activities fill a substantial part of her day and are translated to a work setting. ECF No. 13 at 10. Additionally, Plaintiff argues that it is unclear how much rest she needed from these activities demonstrating a material difference between a potential workplace. ECF No. 13 at 11. Moreover, Plaintiff contends that Dr. Genthe's statements were not regarding her physical capabilities but activities in support of her mental health. ECF No. 13 at 15.

Defendant responds that under *Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012), the ALJ may properly use daily activities to discredit Plaintiff's testimony if it contradictory to the limitation. This is true but it must be supported with substantial evidence. As previously discussed, the ALJ failed to properly support its basis for discrediting Plaintiff's testimony by simply referencing only a couple instances rather than considering the multitude of evidence stating otherwise and the record as a whole. Even more, the ALJ cited references to her household activities but failed to acknowledge her claim of multiple breaks and complaints of pain *from* these activities. ECF Nos. 13 at 12-13; 16 at 11; Tr. 1372-73. While the ALJ may have sufficient evidence or reasons to support her determination, her reasons are not sufficient on their own. Nevertheless, the Court cannot conclude that this is a harmless error because it would likely change

Plaintiff's RFC.

C. <u>Obesity Assessment</u>

Moreover, Plaintiff argues that the ALJ failed to properly evaluate her obesity. ECF No. 13 at 13-14. However, Defendant responds that Plaintiff failed to provide functional limitations that required consideration for Plaintiff's RFC. ECF No. 15 at 10. Regardless "it was the ALJ's burden to develop the record and assess her multiple impairments once he was put on notice of Plaintiff's obesity." *Stack v. Barnhart*, 327 F. Supp. 2d 1175, 1179 (C.D. Cal. 2004); *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) ("Given the potential effect of obesity on these conditions, the ALJ had a responsibility to consider their interactive effect."). In further support, the *Celaya* court stated that when there are impairments that are likely to be affected by obesity, the ALJ is required to explain how obesity factors into the RFC determination. *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) ("The ALJ was responsible for determining the effect of Celaya's obesity upon her other impairments, and its effect on her ability to work and general health, given the presence of those impairments.").

The ALJ noted Plaintiff's BMI throughout the record and cited visits where issues such as fibromyalgia, thoracic spine disorder and left shoulder osteoarthritis were present. Tr. 20, 1694. As previously discussed, in the record, there was evidence of limited range of motion and elevation, tenderness and pain. Tr. 1695.

Additionally, as stated, Plaintiff had x-rays that marked mild degenerative change of the lumbosacral spine, moderate degenerative change of the thoracic spine but no instability with flexion or extension. Tr. 27; 1877-11. This should have raised the need to consider obesity explicitly in the RFC determination.

The ALJ continued to cite that Plaintiff did not show problems with gait, posture, range of motion etc. Tr. 27, 1723. However, this does not substantially support the fact that Plaintiff's BMI did not interact with the other symptoms or relieve the ALJ from addressing the possible interaction when considering Plaintiff's RFC. The Court cannot rely on or assume grounds that the ALJ did not specify or articulate. *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) ("[W]e cannot substitute our conclusions for the ALJ's or speculate as to the grounds for the ALJ's conclusion.") (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014)). Accordingly, the Court cannot conclude that this would not affect the outcome of the ALJ's determination. As a result, the ALJ committed error when failing to explain how Plaintiff's obesity factored into the RFC determination.

Remand is necessary to complete the record. Therefore, further proceedings are appropriate. *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015) ("Where there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." (quoting *Treichler v.*

*Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014)); *Benecke*, 379 F.3d at 593 ("Remand for further administrative proceedings is appropriate if enhancement of the record would be useful."). An order to remand to complete the record is appropriate. *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017) ("When the ALJ denies benefits and the court finds error, the court ordinarily must remand to the agency for further proceedings before directing an award of benefits.").

Defendant responds that Plaintiff properly discredited Plaintiff's testimony because there was evidence of exaggeration. ECF No. 15 at 4-5. Exaggeration is a proper reason to discredit a claimant's testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). The ALJ cited a couple references from providers suggesting that Plaintiff exaggerated symptoms. Tr. 25-26, 1309, 1695. The ALJ did not err in this part of her assessment. However, this does not negate the lack of substantial evidence in other parts of her analysis.

D. Medical Expert Opinion

Plaintiff argues that the ALJ erred because the ALJ found his opinion consistent with the record but also inconsistent. ECF No. 13 at 15-16. Moreover, that there was a latency error and that the ambiguity in his opinion mean the ALJ must develop the record further and recontact the provider for clarification. ECF No. 13 at 17.

Because the Court found harmful error and remands the case, the Court does not find addressing the alternative errors at issue necessary. *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach this alternative ground for remand."). Accordingly, Plaintiff is not barred from raising this argument on a subsequent appeal. *Hecker v. O'Malley*, 2024 WL 4766737, at *12 (D. Haw. Nov. 13, 2024).

Upon remand, the ALJ shall reassess accordingly based on this Order, properly complete the record, provide clear and convincing reasons with references to Plaintiff's testimony and relevant medical evidence, explain how Plaintiff's obesity factors into her RFC determination, and conduct the sequential evaluation to issue a new decision.

/

/

/

/

/

/

/

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 13) is **GRANTED.**
2. Commissioner's Brief (ECF No. 15) is **DENIED.**
3. Pursuant to 42 U.S.C. § 405(g), this action is **REVERSED and REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, enter judgment for Plaintiff, furnish copies to counsel, and **CLOSE** the file.

DATED August 17, 2026.

THOMAS O. RICE
United States District Judge